UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Guidry | Civil Action No. 6:16-00474 |
| | 6:16-00753(member) |
| versus | Judge Rebecca F. Doherty |
| Select Oilfield Services, LLC | Magistrate Judge Carol B. Whitehurst |

### ORDER

Currently pending before the undersigned, on referral from the district judge for ruling, is Defendant, Select Oilfield Services, LLC's ("Select"), Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Rec. Doc. 16], Plaintiff, Spike Guidry's Opposition [Rec. Doc. 22], and Select's Reply thereto [Rec. Doc. 29]. After considering the applicable law, the written submissions and arguments of the parties, and for the following reasons, the Court will grant the Motion.

*I. Factual Background*

This action arises out of a personal injury lawsuit filed under the Jones Act and general maritime law by Plaintiff, Spike Guidry. Guidry alleges that on April 9, 2013, he was in the course of his employment with Select as a captain aboard the spud barge, SELECT 103, in the Bayou Lafourche, Leeville, Louisiana. Guidry further alleges on that date he suffered an accident and injuries due to Select's negligence and the unseaworthiness of the SELECT 103 when he was required to manually lift and carry sections of a wireline lubricator and "other things."

Guidry contends the accident caused him to sustain injuries to his back and limbs, including his low back at L4-5 which resulted in operative treatment. He

further contends that as a result of his injury, he remains seriously and permanently disabled.

Guidry alleges that Select willfully failed to provide him with prompt and proper maintenance and cure, and therefore, he is entitled to punitive damages and attorney's fees assessed against Select. In the alternative, Guidry alleges his damages were caused as a result of "cumulative trauma"—"tissue damage which occurred gradually from repetitive or sustained heavy work activities and repetitive heavy lifting," He further alleges that Select was negligent in failing to inform him of these hazards of its vessels on which Guidry served.

Guidry filed this action on April 8, 2016. On May 31, 2016, Select filed a Complaint for Exoneration from or Limitation of Liability in this Court, as required by Supplemental Admiralty Rule F(9). Guidry filed an Answer and Third-Party Complaint to Select's Complaint for Limitation of Liability on July 21, 2016 and added Manti Exploration Operating, LLC ("Manti") as a Third-Party Defendant, alleging Manti was also negligent in causing Guidry's injuries. On August 19, 2016, this Court entered an order consolidating the Jones Act suit and the Limitation of Liability action. *R. 10.* On August 6, 2016, Select filed the motion at bar moving the Court to transfer this action to the Eastern District of Louisiana. *R. 16.*

*II. Contentions of the Parties*

In its Motion, Select asserts that: (1) the alleged incident giving rise to this action arose with the Eastern District; (2) Select's principal place of business is located within the Eastern District; (3) Guidry, the Jones Act plaintiff, is domiciled

in the Eastern District; and, (4) "it appears all witnesses and evidence are located within the Eastern District." *Id.* Select asserts that the only connection this lawsuit has to the Western District is the plaintiff's attorney.

Plaintiff argues that venue in this case is proper in the Western District and Plaintiff's selection of the Western District is entitled to deference.

### III. Law and Analysis

*A. Standard for Change of Venue under 28 U.S.C. § 1404(a)*

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A defendant seeking a transfer of venue must demonstrate that the plaintiff could have originally brought the action in the transferee court. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I*") ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). After this initial showing has been made, the defendant must then demonstrate "good cause" why the case should be transferred. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) ("*Volkswagen II*"). A defendant can carry this burden by showing, through the relevant private and public interest factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 505, 508 (1947), that the transferee district is a more convenient venue. *Volkswagen II*, 545 F.3d at 315.

The private interest factors applicable in this case are: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; and (3) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen I, 371 F.3d at 203.* The relevant public interest factors are: (1) the administrative difficulties created by court congestion; and (2) the interest in having localized controversies decided at home. *Id*. The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. *Volkswagen II*, 545 F.3d at 315.

"While the plaintiff's choice of venue is accorded deference, Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis. Rather, the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue." *In re TS Tech USA Corp*., 551 F.3d 1315, 1320 (5th Cir.2008).

B. *Appropriateness of Venue in the Transferee Forum*

Select does not dispute that venue is proper in the Western District of Louisiana, but seeks to have the action transferred to the Eastern District of Louisiana, where venue is also proper under 28 U.S.C. § 1391(b)(2). Plaintiff does not dispute that venue could lie in the Eastern District of Louisiana but argues that the case should remain in the Western District of Louisiana where the lawsuit was filed. Having established that Plaintiff could have filed this suit in the proposed

alternative venue, the Court now evaluates whether a transfer is warranted "for the convenience of parties and witnesses, in the interest of justice."

C. *The Applicable Private Interest Factors*

   *(1) The relative ease of access to sources of proof*

The first factor focuses on the locations of sources of proof. The relative ease of access to sources of proof, weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district. Select contends that its principal place of business is in Covington, Louisiana, in the Eastern District, and therefore, any necessary business records would be more easily accessed in the Eastern District. Plaintiff argues that Select's "characterization of itself as a company that solely operates in the Eastern District of Louisiana is not accurate." He states that Select "operates throughout Louisiana" and that he spent much of his time on Select's self propelled spud boat, the SELECT 10, that worked in and along Louisiana's inland waters located in the Western District.

Plaintiff further argues that Select's website indicates that its Lafayette Division (Administrative Office) is located at 950 Birdsong Drive, Lafayette, Louisiana. *R. 22-1, Exh. 2, Affidavit of Denise Uzee.* Plaintiff represents to the Court through the affidavit of his counsel's legal assistant that the photograph made part of the affidavit was taken on September 30, 2016 and shows "Select Oilfield's commercial building." *R. 22-1, Exh. 3, Affidavit of Jason Quebedeaux.*

In its Reply memorandum, Select asserts that Plaintiff's contention that he worked on the Select 10 in the waters of the Western District has no bearing on this

5.

factor. The accident at issue occurred in the Eastern District. Where the alleged injury or wrong occurred, rather than where the plaintiff worked, is the proper factor in this venue determination. Select also contradicts Plaintiff's representation to the Court and Quebedeaux's affidavit stating that "Select did at one time maintain an office in Lafayette, but ... Select's Lafayette office is closed, and moreover was closed when Mr. Quebedeaux took the photograph on September 30." *R. 26-2*. Select points out the "oddly-aimed photograph" should have shown the obvious—that "[a]ll equipment had been removed and no personnel work there."[1] *Id.*

Based on the *undisputed* evidence in the record, the Court finds that this factor weighs in favor of transfer.

*(2) The cost of attendance for willing witnesses*

As to the fact that neither party has provided names of witnesses and their locations, Select argues that it timely filed this motion before Plaintiff identified any witnesses. Plaintiff contends that since Select operates in both the Western and the Eastern District it is not possible to determine where the witnesses are located.

Based on the allegations in Plaintiff's Complaint, however, it is evident that Plaintiff and his wife reside in the Eastern District. Also, it is undisputed that Plaintiff's treating physicians and healthcare providers are located in the Eastern District. *See Perry v. Autocraft Invs., Inc.*, 2013 WL 3338580, at *2 (S.D. Tex. July

---

[1] The Court notes that Quebedeux's affidavit merely states that "[h]e took the photograph of Select's commercial building." While Quebedeaux's affidavit did not *technically* misrepresent to the Court that Select was in operation, the Court admonishes counsel for plaintiff that the statement, introduced in the text of the opposition memorandum was misleading in that it implied that Select was operating in Lafayette.

2, 2013) (concluding that the first private interest factor weighed in favor of transfer because the accident, as well as all of plaintiff's medical care, occurred in the transferee location).

Select represents, and Plaintiff does not dispute, that according to Plaintiff's medical records, he obtained medical treatment in Lafourche Parish, Terrebonne Parish, and Plaquemines Parish, all located in the Eastern District. Thus, it would be more convenient and more economical for any medical witnesses who may testify to be heard in the Eastern District as they will incur fewer travel expenses and time spent away from work. *Volkswagen I*, 371 F.3d at 205 ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." ). The parties do not mention the actual difference in miles between the primary healthcare facilities in Lafourche, Terrebonne and Plaquemines Parishes and Lafayette versus New Orleans. It is well-known, however, that the distance from these Parishes to New Orleans is approximately one-half the distance from these Parishes to Lafayette.

The Court finds that this factor favors transfer to the Eastern District.

*D. Application of the Public Interest Factors:*

This factor analyzes the "factual connection" that a case has with the transferee venue and also with the transferor venue. Select contends that the Eastern District has a stronger interest in the resolution of this case because the accident is alleged to have

occurred on waters within the Eastern District, Plaintiff resides in the Eastern District, Select resides in the Eastern District, and Manti maintains operations in the Eastern District.

Select also suggests that because the Western District has an extremely busy docket with a judicial vacancy, there is court congestion in the Lafayette Division. Plaintiff argues that the Court should give this factor little significance as Select has cited no case suggesting that a judicial vacancy is a sufficient reason to grant a motion to transfer.

The focus of this public-interest factor is "'not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'" *Siragusa v. Arnold*, 2013 WL 5462286, at *7 (N.D.Tex. Sept. 16, 2013). The undersigned agrees that the judicial vacancy in the Lafayette Division has created "congestion." The Lafayette Division has only one district judge whereas less than five years ago it supported three district judges. The case load in the Western District has not changed. On the other hand, the Eastern District has fifteen district judges. It is axiomatic that cases filed in the Eastern District would proceed to trial faster than cases filed in the Western District. This factor supports transfer.

*E. Deference to Plaintiff's choice of venue*:

Finally, Plaintiff relies on the Fifth Circuit case, *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir.1966), in which the court stated, "'Plaintiff's privilege to choose, or

not to be ousted from, his chosen forum is highly esteemed.'" *Id. at* 698 (citing *Rodriguez v. Pan American Life Insurance Co.*, 311 F. 2d 429, 434 (5th Cir. 1962).

Select refutes Plaintiff's assertion that a plaintiff's "choice of forum is *always entitled to deference.*" Rather, Select asserts recent jurisprudence that supports the plaintiff's choice of forum is entitled to "little deference" or the "least weight" when the plaintiff is not domiciled in the forum wherein he filed suit. Select cites numerous cases which confirm this rule of law. *See e.g., Roulston v. Yazoo River Towing, Inc.*, 2004 WL 1687232, at *2 (E.D.La.,2004) (J. Vance) ("Roulston does not live in the Eastern District of Louisiana, and his accident and treatment did not occur here. Accordingly, his choice of forum is entitled to less than the customary degree of deference"); *Ventress v. Radiator Specialty Co.*, 2012 WL 1247205, at *2 (E.D.La.,2012) (same); *Sivertson v. Clinton*, 2011 WL 4100958, at *4 (N.D.Tex. Sept. 14, 2011) ("[C]lose scrutiny is given to plaintiff's choice of forum when the plaintiff does not live in the judicial district in which plaintiff has filed suit." ). Moreover, it is well established that the court will accord less than the customary degree of deference to the plaintiff's forum selection when "the operative facts of the dispute occur outside plaintiff's chosen forum," and no factor weighs in favor of retaining the suit in the chosen forum. *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 384 (M.D.La.1996).

The fact that Plaintiff choose to file his lawsuit in the Western District cannot negate the purpose of the transfer statute—to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary

inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The Court finds that the foregoing private and public factors as applied to this case show that the Eastern District of Louisiana is clearly a more convenient forum than the Western District of Louisiana.

### *IV. Conclusion*

For the foregoing reasons, the undersigned finds that Select Oilfield Services, LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Rec. Doc. 16] is **GRANTED** and this case will be transferred to the Eastern District of Louisiana.

This Order shall be **STAYED** for fourteen(14) days from the date of issuance. Any appeal to the District Judge must be filed within fourteen (14) days from the date of this Order. If an appeal is taken to the District Judge, this Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall transfer the action forthwith.

THUS DONE AND SIGNED this 8th day of November, 2016 in Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE